IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GERMAINE MCMILLIAN, JR., | * |
| | * |
| Petitioner, | * |
| | * |
| vs. | * CRIMINAL NO. 13-00155-JB-B |
| | * CIVIL ACTION NO. 20-00301-JB |
| UNITED STATES OF AMERICA, | * |
| | * |
| Respondent. | * |

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Germaine McMillian, Jr.'s Motion to Vacate (Doc. 72) and the Government's response in opposition (Doc. 75). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.[1] Having carefully reviewed the record, the undersigned finds that no evidentiary hearing is necessary for the disposition of this matter.[2]

---

[1] The Honorable Senior United States District Judge Charles R. Butler, Jr., presided over the guilty plea hearing and sentencing in this action. The undersigned has reviewed Petitioner's motion and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Butler.

[2] A district court is not required to hold an evidentiary hearing every time a § 2255 petitioner simply asserts a claim of ineffective assistance of counsel. Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989). "A hearing is not required on patently frivolous claims or those which are based upon unsupported

Upon consideration, and for the reasons stated herein, the undersigned hereby **RECOMMENDS** that McMillian's Motion Vacate (Doc. 72) be **DENIED**, that this action be **DISMISSED**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Germaine McMillian, Jr. The undersigned also recommends that should McMillian file a certificate of appealability, it should be denied, as he is not entitled to appeal *in forma pauperis*.

## I.   PROCEDURAL BACKGROUND

McMillian was indicted on June 27, 2013, for three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 1). On September 16, 2013, McMillian pled guilty to one count of Hobbs Act robbery (Count 3) and to the firearm count (Count 5). (Doc. 32). On March 18, 2014, McMillian was sentenced to an aggregate term of 154 months in prison. (Doc. 66). McMillian filed a notice of non-appeal. (Doc. 63).

On May 25, 2020, McMillian filed the instant Motion to Vacate,

---

generalizations. Nor is a hearing required when the petitioner's allegations are affirmatively contradicted by the record." Id. (quoting Guerra v. United States, 588 F.2d 519, 521 (5th Cir. 1979)).

Set Aside, or Correct Sentence under 28 U.S.C. § 2255.[3] (Doc. 72). In his motion, McMillian advances essentially one ground that entitles him to relief, namely, that the United States Supreme Court's decision in United States v. Davis, __ U.S. __, 139 S. Ct. 2319 (2019), *informed by* the Supreme Court's earlier decision in Mathis v. United States, 579 U.S. __, 136 S. Ct. 2243, 2252, 195 L. Ed. 2d 604 (2016), invalidates his § 924(c) firearm conviction. (Id. at 4). McMillian states that his action is timely because Davis was decided less than a year before he filed his motion to vacate and that any additional argument based on Mathis would have been frivolous until Davis was decided. (Id.).

In its response in opposition, the Government contends that McMillian is not entitled to relief on any claim. (Doc. 75). The Government maintains that, to the extent that McMillian's argument is based, in part, on Mathis, it is untimely; that McMillian's claim (whether based on Davis or Mathis) is procedurally defaulted; and that McMillian's claim fails on the merits. (Id. at 4-5).

The Court will consider each of these issues in turn.

---

[3] Under the federal "mailbox rule," both a *pro se* federal habeas petition and a § 2255 motion are deemed to be filed on the date they were delivered to prison authorities for mailing (*i.e.*, signed). See Taylor v. Williams, 528 F.3d 847, 849 n.3 (11th Cir. 2008); Rodriguez v. United States, 279 Fed. Appx. 753, 753 (11th Cir. 2008).

## II.  ANALYSIS

### A. TIMELINESS.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that:

> (f) A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Government does not dispute that McMillian's claim, to the extent that it is based on Davis (which was decided in 2019), is timely.[4]  Rather, the Government argues only that, to the extent

---

[4] The Government states: "[t]here can be no dispute that the Supreme Court announced a new right in Davis that is retroactively applicable to cases on collateral review. See In re Hammond, 931 F.3d 1032, 1039 (11th Cir. 2019)," and McMillian's "Davis-based argument" is timely.  (Doc. 75 at 5-6).

4

that McMillian bases a portion of his argument on Mathis (which was decided in 2016), that portion of his argument is untimely.

Having found herein that McMillian's claim fails on the merits, the Court will assume, *arguendo*, that McMillian's claim is timely in its entirety, whether based on Mathis, Davis, or a combination thereof.

**B. Procedural Default.**

As noted, McMillian did not file a direct appeal of his conviction or his sentence. Generally, "claims not raised on direct appeal cannot be raised on collateral review" because the defendant has procedurally defaulted on those claims. Massaro v. United States, 538 U.S. 500, 504 (2003). The Supreme Court has made clear that the "procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. Where, as here, a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised collaterally only if the defendant can first demonstrate either (i) "cause" and actual "prejudice," or (ii) that defendant is "actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998).

Here, McMillian does not expressly assert his actual

innocence.[5] Rather, he appears to argue that the constitutional vagueness claim adopted in Davis (striking § 924(c)'s residual clause), especially when considered in light of Court's earlier ruling in Mathis (concerning the divisibility of § 1951(a)) was so novel as to make any such argument by him at the time of his default frivolous. Further, McMillian asserts that he suffered prejudice because he was sentenced to a term of imprisonment on a constitutionally invalid conviction.

Contrary to McMillian's assertions, the Eleventh Circuit has squarely addressed his procedural default argument and held that "a vagueness-based challenge to the § 924(c)(3)(B) residual clause was not sufficiently novel to establish cause" to excuse procedural default. See Parker v. United States, 993 F.3d 1257, 1265 (11th Cir. 2021)(quoting Granda v. United States, 990 F.3d 1272, 1288 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1233 (2022)("[t]he tools existed to challenge [the residual clause of] § 924(c) as vague;" thus, Petitioner could not show cause to excuse his procedural default.). Because McMillian is likewise unable to establish cause

---

[5] If McMillian could show that his § 924(c) conviction was based on a predicate crime which was not a crime of violence, he would be actually innocent of that charge and could overcome any procedural default on this basis. However, for the reasons discussed herein, the predicate crime of Hobbs Act robbery, for which McMillian was convicted, was a crime of violence. Therefore, any actual innocence argument is unavailing.

to excuse his procedural default, his claim is barred.[6]

### C. Merits.

Notwithstanding the foregoing, McMillian's claim also fails on the merits. As discussed, McMillian bases his claim that he is entitled to have his § 924(c) firearm conviction and sentence vacated on the assertion that his Hobbs Act robbery conviction (Count 3) cannot serve as a predicate "crime of violence" to support a § 924(c) firearm conviction (Count 5). Specifically, McMillian asserts that, after Davis, § 924(c)(3)(B)'s residual clause was stricken and only § 924(c)(3)(A)'s "use-of-force" or "elements" clause remains. Consequently, the Government now must establish that his Hobbs Act robbery conviction constitutes a "crime of violence" under § 924(c)(3)(A). McMillian argues that, after Mathis, Hobbs Act robbery and conspiracy offenses are *indivisible* and are not separate *offenses*; rather, he argues, they are merely different *means* of violating § 1951(a). Therefore, McMillian argues, it is impossible to know if the predicate crime for his § 924(c) firearm charge was a *substantive* Hobbs Act robbery (which is a crime of violence) or merely a *conspiracy* (which is not a crime of violence); thus, his firearm conviction must be

---

[6] Having found for the reasons discussed herein that McMillian's claim has no merit, he fails to establish prejudice for purposes of procedural default as well.

vacated.

In its opposition to Petitioner's motion to vacate, the Government maintains that the predicate crime of violence for McMillian's § 924(c) conviction was a *substantive* Hobbs Act robbery, not a conspiracy charge, as evidenced by the indictment, the plea agreement (to which he pled guilty), and the judgment. (Doc. 75 at 9-11). Thus, any argument by McMillian based on a purported conspiracy charge or conviction has no application to this case. The Court agrees.

Title 18 U.S.C. § 1951 provides in pertinent part:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
> (b) As used in this section--
>
> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951.

8

In addition, § 924(c) enhances the penalty for any person who commits a crime of violence using a firearm and defines a "crime of violence" in § 924(c)(3) as:

an offense that is a felony and--

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The courts commonly refer to § 924(c)(3)(A) as the "use of force" or "elements clause" and § 924(c)(3)(B) as the "residual clause." See Brown v. United States, 942 F.3d 1069, 1075 (11th Cir. 2019); In re Fleur, 824 F.3d 1337, 1339 (11th Cir. 2016).

In Davis, __ U.S. __, 139 S. Ct. 2319 (2019), the United States Supreme Court invalidated the residual clause definition of "crime of violence" in § 924(c)(3)(B), finding it to be unconstitutionally vague. However, since then, the Eleventh Circuit has held that, regardless of the constitutionality of § 924(c)(3)(B)'s residual clause, "§ 924(c)(3)(A)'s elements clause is an adequate and independent ground to affirm a defendant's § 924(c) conviction." Brito v. United States, 2021 U.S. App. LEXIS 4336, *2, 2021 WL 3008189, *1 (11th Cir. Feb. 16, 2021).

Also, contrary to McMillian's argument in his motion to

vacate, the Eleventh Circuit has held that Hobbs Act *conspiracy* and *substantive* robbery "are meaningfully distinct" offenses. See Brown, 942 F.3d at 1075. Indeed, in St. Hubert, the Eleventh Circuit held that § 1951(a) "is a divisible statute that sets out multiple crimes," *i.e.*, "distinct offenses," which are "not merely alternative means of violating § 1951(a)." Id., 909 F.3d at 348. The court then applied the "categorical approach" to the robbery portion of § 1951(a) and concluded that a *substantive* Hobbs Act robbery "is categorically a crime of violence under the use-of-force clause." Id., 909 F.3d at 345; see also In re Fleur, 824 F. 3d at 1340-41 ("Saint Fleur pled guilty to using, carrying, and discharging a firearm during the Hobbs Act robbery set forth in Count 4, which robbery offense meets the use-of-force clause of the definition of a crime of violence under § 924(c)(3)(A).").

On the other hand, applying the same analysis to the conspiracy portion of § 1951(a), the Eleventh Circuit held that *conspiracy* to commit Hobbs Act robbery is not a crime of violence under 924(c)(3)(A). See Brown, 942 F.3d at 1075; see also Gomez v. United States, 2022 WL 458018, *2 (11th Cir. Feb. 15, 2022)("conspiracy to commit Hobbs Act robbery is not a crime of violence.").

In the instant case, McMillian was never charged with conspiracy to commit a Hobbs Act robbery. Rather, the indictment

charged McMillian with three *substantive* Hobbs Act robbery counts (Counts 1, 2, 3) and a firearm count (Count 5), and McMillian pled guilty to and was adjudicated guilty one of the *substantive* Hobbs Act robbery counts (Count 3)[7] and the firearm count (Count 5). (Docs. 1 at 2-3; 25, 32, 69).  In McMillian's factual resume, he

---

[7] The pertinent count, Count 3, provides:

1. At all times material to this Indictment, the Dollar General Store, 1491 Schillinger Road South, Mobile, Mobile County, Alabama, was a retail business engaged in interstate commerce, and was conducting business in an industry that affects interstate commerce.

2. On or about May 1, 2013, in the Southern District of Alabama, Southern Division, the defendant[] Germaine McMillian, Jr., did unlawfully obstruct, delay and affect, and did attempt to obstruct, delay and affect, commerce and the movement of articles and commodities in such commerce, *by robbery*, in that the defendant[] Germaine McMillian, Jr., aided and abetted by another individual known to the Grand Jury, did unlawfully take and obtain property consisting of approximately $888.86 in U.S. coins and currency from the Dollar General Store, 1491 Schillinger Road South, Mobile, Mobile County, Alabama, from and in the presence of individuals identified herein as T.B. and A.M., who were employees of the Dollar General Store and whose names are known to the Grand Jury, against their will, by means of actual and threatened force, violence, and fear of injury to the persons of said employees.
In violation of Title 18, United States Code, Sections 1951(a) & 2.

(Doc. 1 at 2-3)(emphasis added).

11

stipulated to the facts of the *substantive* Hobbs Act robbery, including the fact that he took the victim's property "by using actual or threatened force or violence." (Doc. 69 at 14). In addition, in relation to the firearm charge (Count 5), McMillian stipulated that he "committed the crime of violence charged in Count 3," "to wit, a Hobbs Act robbery," and that he possessed a firearm in furtherance of "the violent crime." (Id.).

In sum, McMillian's § 1951(a) conviction in this case was for a *substantive* Hobbs Act robbery conviction, which is a crime of violence under § 924(c)(3)(A). While McMillian is correct that *conspiracy* under § 1951(a) is not a crime of violence under § 924(c)(3)(A), conspiracy is not the crime for which he was charged or convicted, and it has no application in this case. Based on the foregoing, McMillian's claim, whether based on Davis, Mathis, or a combination thereof, fails.

Accordingly, for each of the foregoing reasons, McMillian's meritless claim is due to be denied.

## CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's Motion to Vacate (Doc. 72) be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects

to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **26th** day of **April, 2022.**

                                           **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**